IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

WARREN LEE HILL, JR.,               :
                                    :
                Petitioner,         :
                                    :
        vs.                         :
                                    :        CIVIL ACTION NO.: 1:04-CV-151 (WLS)
WILLIAM TERRY, Warden,              :
                                    :
                Respondent.         :
                                    :
_____   :

## <u>ORDER</u>

Both parties have briefed the issues of procedural default; exhaustion of state remedies; cause and prejudice; and miscarriage of justice.  After review of the briefs and the record, the Court finds as follows:

## I.  THE PROCEDURAL DEFAULT RULE

According to the procedural default rule, "a state prisoner seeking federal habeas corpus relief, who fails to raise his federal constitutional claim in state court, or who attempts to raise it in a manner not permitted by state procedural rules, is barred from pursuing the same claim in federal court." *Alderman v. Zant*, 22 F.3d 1541, 1549 (11th Cir. 1994).  Therefore, the procedural default rules applies in two contexts.  First, if a petitioner does not exhaust his state remedies because he fails to fairly present an issue to the state courts, the federal district court must treat the issue as procedurally defaulted.  *See Baldwin v. Reese*, 541 U.S. 27 (2004); *Snowden v. Singletary*, 135 F.3d 732, 736 (11th Cir. 1998); *Putman v. Turpin*, 53 F. Supp. 2d 1285, 1292 (M.D. Ga. 1999), *aff'd*, 268 F.3d 223 (11th Cir. 2001) (explaining that "when it is clear that the unexhausted claims would

be barred in state court due to a state law procedural default, federal courts 'can . . . treat those claims now barred by state law as no basis for federal habeas relief'") (quoting **Snowden**, 135 F.2d at 735). Second, the procedural default rule also provides that "[f]ederal courts may not review a claim procedurally defaulted under state law if the last state court to review the claim clearly and expressly states that its judgment rests on a procedural bar, and the bar presents an independent and adequate state ground for denying relief." **Hill v. Jones**, 81 F.3d 1015, 1022 (11ᵗʰ Cir. 1996) (citing **Harris v. Reed**, 489 U.S. 255 (1989)).

There are two exceptions to the procedural default rule: (1) cause and prejudice, and (2) fundamental miscarriage of justice. A finding of cause "must ordinarily turn on whether the petitioner can show that some objective factor external to the defense impeded counsel's efforts to comply with the procedural rule." **Putman**, 53 F. Supp. 2d at 1292 (citing **Murray v. Carrier**, 477 U.S. 478 (1986)). The petitioner must show that there was "some external impediment preventing counsel from constructing or raising the claim." **Id**.

If a petitioner relies on cause to excuse a procedural default, he must also show actual prejudice. Because a petitioner must show both, "a finding by the court that one prong has not been met alleviates the need to analyze the claim under the other prong." **Id**. In relation to prejudice, courts have explained that a petitioner "must shoulder the burden of showing, not merely that the errors at his trial created a ***possibility*** of prejudice, but that they worked to his ***actual*** and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." **United States v. Frady**, 456 U.S. 152, 171 (1981).

If a petitioner cannot show both cause and prejudice, a federal court may consider procedurally defaulted claims only if a failure to do so would result in a fundamental miscarriage of

justice.  ***House v. Bell***, 126 S. Ct. 2064, 2076 (2006).  In a recent case, the United States Supreme Court explained that when a Petitioner maintains that a miscarriage of justice due to "actual innocence" will result from a district court's failure to review a procedurally defaulted claim, the court "must first address all nondefaulted claims for comparable relief and other grounds for cause to excuse the procedural default."  ***Dretke v. Haley***, 541 U.S. 386, 394 (2004).  "This sequencing requirement was designed by the Supreme Court as a means of avoiding the 'threshold legal questions that often accompany claims of actual innocence' when a default can be excused on some simpler ground or full relief can be granted on a nondefaulted ground."  Randy Hertz & James S. Liebman, ***Federal Habeas Corpus Practice and Procedure*** § 26.4 (5th ed. 2005)(quoting ***Dretke***, 541 U.S. at 394).

The parties have addressed the issue of actual innocence in their briefs.  However, the Court must, in accordance with ***Dretke***, delay ruling on this issue until it has reviewed both Petitioner and Respondent's briefs on the nondefaulted claims and made its determination regarding these claims.

## II.   PROCEDURAL DEFAULT ISSUES RELATING TO PETITIONER'S SPECIFIC CLAIMS FOR RELIEF

Respondent maintains that Petitioner has procedurally defaulted portions of Claim Three, all of Claim Four, and portions of Claim Five contained in his Petition for Writ of Habeas Corpus by a Person in State Custody (R. at 2).  A review of the record in this case shows that the Supreme Court of Georgia, when reviewing the appeal of Petitioner's state habeas action, held as follows regarding procedural default:

> Claims which could have been raised at trial or on direct appeal, but which are raised for the first time in habeas corpus proceedings, and which do not involve sentencing phase jury instructions in death penalty trials, are barred by procedural default unless the petitioner meets the "cause and prejudice" test . . . .  That test is

satisfied only where a force external to the defense impeded counsel's efforts to raise a defaulted claim at trial or on appeal or where counsel rendered constitutionally deficient performance in waiving the claim at trial or omitting it on appeal. The test also requires that the omission or waiver resulted in actual, substantial prejudice that infected the petitioner's entire trial with error of constitutional dimensions. . . . The test is not applied to defaulted claims where necessary to prevent a "miscarriage of justice," but an extremely high standard applies in such cases.

The following claims in Hill's cross-appeal are barred by procedural default to the extent that they concern issues not raised on direct appeal: alleged suppression of evidence; false testimony and arguments; improper comments by the State in its opening statement, in its closing argument, and during the sentencing phase; interference by the prosecutor and the trial court with the defense's investigation; discovery violations by the State; juror bias, misconduct, and influence by third parties; improper communication between the trial judge and the jurors; exclusion in the guilt/innocence phase of evidence of past sexual and physical assaults allegedly committed by the victim, who was sleeping when he was murdered; denial of funds for expert assistance for jury selection issues; denial of additional funds for investigation and mental health examinations; various errors in the trial court's guilt/innocence phase jury charge; the trial court's error in responding to the jury's questions during the sentencing phase; error in failing to strike jurors Mackey, Davis, Kearse, Kirkland, and Childers; racial bias in the trial court's conduct of voir dire; improper exclusion of jurors opposed to the death penalty; the trial court's coercing a prisoner to testify; inadequate sequestration of the jury; excessive security; improper hearsay testimony; improper limitation of cross-examination; improper excusing of jurors for hardship; admission of inflammatory and unduly prejudicial evidence; error by the trial court in unsealing the ex parte transcripts prior to the motion for new trial; invalidity of the O.C.G.A. § 17-10-30 (b) (1) aggravating circumstance in Hill's case; tainting of the indictment by discrimination, bias, pre-trial publicity, and the State's failure to present exculpatory evidence; the arbitrary discretion exercised by the District Attorney in seeking the death penalty; the unconstitutionality of the Unified Appeal Procedure; the bias of the jury against Hill in the sentencing phase after finding him guilty of the murder; use in sentencing of an unconstitutionally obtained prior conviction and of improper aggravating evidence; race discrimination by the "decision makers" in Hill's case; the invalidity of the conviction in light of allegedly inadequate medical care provided to the victim; and, cumulative error.

Applying the law described above regarding procedurally defaulted claims, we find that Hill has failed to overcome the bar to any of these claims, most of which are raised in this cross-appeal in summary fashion.

***Head v. Hill***, 277 Ga. 255, 264-65 (2003).

District courts may not review a claim when "the last state court to review the claim states

clearly and expressly that its judgment rests on a procedural bar, and the bar presents an independent and adequate state ground for denying relief." ***Hill v. Jones***, 81 F.3d 1015, 1022 (11th Cir. 1996). The last state court to review this case "clearly and expressly" held that the above-referenced claims were procedurally defaulted. ***Id***. Moreover, this "bar presents an independent and adequate state ground for denying relief." ***Id***. Therefore, the Court must defer to the state court's ruling and find these claims are procedurally barred. ***Baily v. Nagle,*** 172 F.3d 1299, 1302 (11th Cir. 1999)(explaining that when "the state correctly applies a procedural default principle of state law to arrive at the conclusion that the petitioner's federal claims are barred, ***Sykes*** requires the federal court to respect the state court's decision")(citing ***Wainwright v. Sykes***, 433 U.S. 72 (1977)).

Petitioner argues that these claims are not barred because they were incorporated into his claim of ineffective assistance of counsel, which was properly before the state courts. In Claims Three, Four, and Five of his federal habeas petition, Petitioner raises substantive claims of trial court, juror, and prosecutorial error; not claims of ineffective assistance of counsel. The Georgia Supreme Court "clearly and expressly" held that certain claims of prosecutorial, juror, and trial court error were procedurally defaulted. Therefore, to the extent that Petitioner raises these claims, independent of the ineffective assistance of counsel claims, they are clearly procedurally defaulted. However, to the extent that Petitioner now raises these issues as part of his ineffective assistance of counsel claim (Claim Two in his federal habeas petition), Respondent has not alleged they are procedurally defaulted; and the court will review them at the appropriate time after both parties have submitted their briefs on the issues.

The state court found that Petitioner had not shown cause and prejudice to excuse the procedural defaults. Likewise, this Court finds that, at this time, Petitioner has failed to show cause

and prejudice to excuse the various procedural defaults. Petitioner claims that ineffective assistance of counsel is the "cause" for the defaults and alleges that he can show prejudice. However, at this time, Petitioner has provided no facts to support this assertion.[1] In **Murray v. Carrier**, 477 U.S. 478 (1986), the Supreme Court explained that "cause for a procedural default on appeal ordinarily requires a showing of some external impediment preventing counsel from constructing or raising the claim." **Id**. at 492. Beyond the bald assertion of ineffective assistance of counsel, Petitioner has pointed to no "external impediment" that prevented these claims from being raised.

## III. RENEWED REQUEST FOR DISCOVERY AND AN EVIDENTIARY HEARING

Petitioner states that he "renews his request for discovery and submits a separate motion for discovery and memorandum of discovery with this Reply." (Pet'r May 4, 2006 Br., p. 2, n.2). However, Petitioner filed no separate motion and memorandum for discovery. To any extent that Petitioner actually means to renew his motion for discovery, this motion is denied for the same reasons explained in the Court's July 8, 2005 Order denying discovery.

Additionally, Petitioner states that "[w]hether there is a default and, if so, whether it will be excused so that this Court can reach the federal constitutional merits of a claim, are issues which require considerable analysis and taking of evidence." (Pet'r May 4, 2006 Br., p. 4). To any extent that Petitioner is requesting an evidentiary hearing on the issue of procedural default and its

---

[1]The Court assumes that Petitioner plans to address his ineffective assistance of counsel claim on the merits in his next brief in accordance with the March 24, 2005 Consent Scheduling Order. Therefore, after reviewing these briefs, the Court will determine if it must reconsider its finding that Petitioner has failed to establish cause and prejudice for these procedural defaults.

exceptions, this request must be denied.  In **_Hill v. Jones_**, 81 F.3d 1015 (11th Cir. 1996), the Eleventh

Circuit Court of Appeals explained as follows:

> A state habeas petitioner is not entitled to an evidentiary hearing in federal court on the merits of a procedurally defaulted claim unless he can first overcome the procedural bar. This requires showing either cause for failing to develop in state court proceedings the facts supporting his claim, and prejudice resulting from that failure, . . . or a "fundamental miscarriage of justice would result from failure to hold a federal evidentiary hearing." . . .  A petitioner is not entitled to a hearing on the threshold issues of cause and prejudice or manifest injustice without first proffering specific facts which support a finding that one of these exceptions to the procedural default rule exists.

**_Id_**. at 1024 (internal citations omitted).

At this time, Petitioner simply has not proffered specific facts to support a request for an evidentiary

hearing.

## III. CONCLUSION

Based on the above, the Court finds that Petitioner has procedurally defaulted the following

claims:

1.  That portion of Claim Three in which Petitioner alleges a violation of **_Brady v. Maryland_**, 373, U.S. 83 (1963);

2.  That portion of Claim Three in which Petition alleges that the State knowingly or negligently presented false testimony and/or evidence in pretrial or trial proceedings;

3.  That portion of Claim Three in which Petitioner alleges the State allowed witnesses to convey a false impression to the jury;

4.  That portion of Claim Three in which Petitioner alleges the Prosecutor made improper remarks in his opening statement;

5.  That portion of Claim Three in which Petitioner alleges the State interfered with the defense investigation;

6.  That portion of Claim Three in which Petitioner alleges the Prosecutor refused to allow Petitioner full pretrial discovery;

7.  That portion of Claim Three in which Petitioner alleges the Prosecutor made improper and prejudicial remarks in his closing statement at the guilt/innocence phase of the trial;

8.  That portion of Claim Three in which Petitioner alleges the Prosecution made improper and prejudicial remarks throughout the sentencing phase of the trial and during the closing argument at the sentencing phase;

9.   That portion of Claim Three in which Petitioner alleges error when the State relied upon information provided by the jury bailiff regarding juror Barnes, converting the bailiff into a witness for the State (See Resp't Ex. 106, p. 8);

10.   That portion of Claim Three in which Petitioner alleges the trial court curtailed Petitioner's inquiry into the legitimacy and sufficiency of the State's reasons for its strikes by arbitrarily cutting short Petitioner's argument  (See Resp't Ex. 106, p. 8);[2]

11.   All of Claim Four.  In this Claim, Petitioner alleges that misconduct on the part of the jury violated his rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution;

12.   That portion of Claim Five in which Petitioner alleges the trial court improperly excluded evidence of the victim's assaultive tendencies and threatening sexual behavior at the guilt phase of Petitioner's trial.[3]

13.   That portion of Claim Five in which Petitioner alleges that the trial court erred in failing to provide counsel with adequate funds for various experts and investigators;

14.   That portion of Claim Five in which Petitioner alleges the trial court erred in its instructions to the jury in the guilt/innocence phase of Petitioner's trial;[4]

15.   That portion of Claim Five in which Petitioner alleges the trial court erred when it failed to strike jurors Mackey, Davis, Kearse, Kirkland, and Childers for cause;

16.   That portion of Claim Five in which Petitioner alleges the trial court improperly excluded certain jurors for cause;

17.   That portion of Claim Five in which Petitioner alleges the trial court improperly coerced a prisoner to testify;

18.   That portion of Claim Five in which Petitioner alleges the jury was not sequestered properly;

19.   That portion of Claim Five in which Petitioner alleges excessive and unnecessary security measures were used;

20.   That portion of Claim Five in which Petitioner alleges that his right to confront his accusers was violated by the admission of out-of-court declarations of another

---

[2]Petitioner's claim that the State exercised its peremptory challenges in a racially discriminatory manner, in violation of ***Batson v. Kentucky***, 476 U.S. 79 (1986) was addressed by the Georgia Supreme Court on direct appeal.  Therefore, this portion of Claim Three has not procedurally defaulted.  ***See Hill v. State***, 263 Ga. 37, 42 (1993).

[3]Petitioner's claim that the trial court improperly refused to admit evidence of the victims' prior convictions for violent felonies and portions of his prison record that indicated assaultive behavior patterns during the penalty phase of the trial was addressed by the Georgia Supreme Court on direct appeal.  Therefore, this portion of Claim Five has not been procedurally defaulted.  ***See Hill v. State***, 263 Ga. 37, 44-45 (1993).

[4]Petitioner's claim of error in the sentencing phase jury charges has not been procedurally defaulted.

-8-

person;

21.  That portion of Claim Five in which Petitioner alleges that the trial court improperly placed restrictions on his cross-examination of witnesses;

22.  That portion of Claim Five in which Petitioner alleges the trial court improperly excused some of the jurors for hardship;

23.  That portion of Claim Five in which Petitioner alleges the trial court improperly "permitted the introduction by the State of inflammatory and unduly prejudicial evidence which deprived [Petitioner] of a fair trial"[5];  (R. at 2, p. 103); and

24.  That portion of Claim Five in which Petitioner alleges the trial court erred in unsealing *ex parte* conferences between defense counsel and the court prior to the completion of Petitioner's motion for new trial and direct appeal.

The parties are to brief the remaining Claims (including any nondefaulted portions of Claims Three and Five) in accordance with the March 24, 2005 Consent Scheduling Order.

**SO ORDERED**, this   12th   day of October, 2006.


                                    /s/W. Louis Sands
                                   W. LOUIS SANDS, JUDGE
                                UNITED STATES DISTRICT COURT

---

[5]Petitioner's claim that the trial court failed to exclude evidence about the 1985 murder of Myra Wright during the guilty/innocence phase of the trial was presented to the Georgia Supreme Court during direct appeal and it, therefore, not procedurally defaulted.  ***See Hill v. State***, 263 Ga. 37, 43 (1993).